**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>vs.<br><br>**JOSHUA ZAUN NOOJIN,**<br><br>**Defendant** | NO. 5: 05-CR-109 (DF)<br><br>**VIOLATIONS: DRUG RELATED** |

# ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Mr. John Francisco of the Macon Bar; the United States was represented by Assistant U. S. Attorney Verda Colvin. Based upon the evidence proffered to the court by the parties and the contents of the Pretrial Service Report dated December 16, 2005, I conclude that the following facts require the detention of the defendant pending the trial of this case.

## PART I - FINDINGS OF FACT

☐ (1) There is PROBABLE CAUSE to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.
  ☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### ALTERNATIVE FINDINGS

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated December 16, 2005, establish by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the appearance of defendant NOOJIN and the safety of the community were he to be released from custody at this time. The offenses charged against the defendant are serious drug offenses for which he faces long-term imprisonment if convicted; his estimated guideline sentencing range is 210 months to 262 months in prison. The weight of evidence is strong, with hand-to-hand sales having been made to confidential informant(s).

**Defendant NOOJIN has strong ties to the Macon, Georgia area, but he also has a significant felony conviction record with three prior convictions on drug related charges, to-wit: MANUFACTURING/SELLING/DISTRIBUTING SCHEDULE II DRUGS - ECSTACY, 2002, Superior Court of Bibb County, Georgia; MANUFACTURING/SELLING/DISTRIBUTING SCHEDULE II DRUGS - METHAMPHETAMINE, 2002, Superior Court of Jones County; MANUFACTURING/SELLING/DISTRIBUTING SCHEDULE II DRUGS - METHAMPHETAMINE, 2003, Superior Court of Bibb County. He also has a conviction for AGGRAVATED ASSAULT in 2002 in the Superior Court of Jones County. Significantly, he was on parole during the time period covered by the federal indictment. In the view of the undersigned, the evidence proffered at the Detention Hearing establishes a serious danger to the community based upon continued drug dealing; the defendant has exhibited a propensity to involve himself in illegal drug activity since 2001. There also appears to be serious risk of flight present in this case based upon the fact that he faces very long imprisonment if convicted.**

**For the foregoing reasons, pretrial detention is mandated. IT IS SO ORDERED.**

### PART III  -  DIRECTIONS REGARDING DETENTION

**The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.**

**SO ORDERED, this 16th day of DECEMBER, 2005.**

**CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE**